I concur in the result to reverse and remand on the same ground addressed by the majority opinion (for the error in permitting evidence of Defendant's wealth); but I do not agree with the reasons stated therein for rejecting this evidence. On the basis of pure logic, it is difficult, if not impossible, to refute Appellee's contention that the financial condition of Defendant is relevant, and thus admissible, on the issue of the adequacy of punitive damages. Surely, if the avowed purposes of punitive damages (punish the defendant and deter others) are to be effectuated, logic dictates that the fact finder be informed of defendant's worth. And the logic of this proposition is no less compelling when applied to the poor defendant.
Why then, do I agree to reverse the trial Court for admitting such evidence? First because there is a third consideration essential in fixing punitive damages — the enormity (i.e., the character and degree) of the wrong (see APJI Civil 1103 and "References" thereunder); and, second, because the prejudicial effect of such evidence on the fact-finding process as to the liability issue outweighs the logic that otherwise compels its admission.
If our Rules of Civil Procedure provided for bifurcated proceedings in which damages were assessed in a hearing separate from the liability issue, then, certainly, evidence of defendant's worth, accompanied with appropriate instructions on the enormity of the wrong, would be admissible. Absent this "if," however, the inflammatory nature of such evidence (a two-edged sword depending on the wealth or poverty of the defendant), impugns the constitutional guarantee of a fair trial.
One final observation: Judicial consideration of the relative worth of the defendant, coupled with due consideration of the nature and gravity of defendant's wrong, in my opinion, has a field of operation in the context of an "excessive damages" ground of a post-trial motion. *Page 1028